IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION<br>NO. 19-00629 |
| JOHN SUGGS et al., | |
| Defendants. | |

**Slomsky, J.**                                                                                          **June 16, 2022**

## OPINION

**I.    INTRODUCTION**

Before the Court is Defendant John Suggs ("Suggs") and Defendant Nickolas Passineau's ("Passineau") (collectively "Defendants") respective Motions for Severance. (See Doc. Nos. 102, 106.)[1] Both Defendants seek severance of Counts One and Two from Counts Three and Four in their Superseding Indictment charging them with Hobbs Act Robbery and using a firearm during and in relation to a crime of violence. (See Doc. No. 102 at 3.) The charges stem from Suggs and Passineau's alleged involvement in two Philadelphia pharmacy robberies: 1) Castor Pharmacy, located at 6449 Castor Avenue, on October 19, 2017 (the "Castor Pharmacy Robbery") and 2) Smith Pharmacy, located at 841 East Hunting Park Avenue, on February 22, 2018 (the "Smith Pharmacy Robbery"). (Id.) A hearing on the Motions was held on February 17, 2022. (Doc. No. 218.) The Government opposed both Motions. (Id. at 166.) For reasons that will follow, Defendants' Motions will be denied.

---

[1]    Defendant John Suggs titles his Motion as: "Motion to Sever Separate Criminal Acts" (Doc. No. 102). Defendant Nickolas Passineau titles his Motion as: "Motion to Sever the Smith Pharmacy and Castor Pharmacy Robberies for Trial" (Doc. No. 106).

1

**II.     BACKGROUND**

On March 5, 2020, a grand jury returned a four-count Superseding Indictment, charging Suggs, Passineau, Russell Williams ("Williams"), Khalil Werts ("Werts"), and Tameer Miller ("Miller") with robbery which interferes with interstate commerce, in violation of Title 18 U.S.C. §§ 1951(a) and 2, and with using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 in connection with the Smith Pharmacy Robbery and the Castor Pharmacy Robbery.[2] (Doc. No. 52.) Count One of the Superseding Indictment charges Suggs, Passineau, Williams, and Werts with committing the Castor Pharmacy Robbery. (Doc. No. 218 at 159:13-18.) Count Two charges these same individuals with using a firearm during and in relation to the robbery. (Id.) Count Three charges Suggs, Passineau, and Miller with committing the Smith Pharmacy Robbery. (Id.) Count Four charges the same defendants with using a firearm during and in relation to the Smith Pharmacy Robbery. (Id.) Thus, only Suggs and Passineau were charged in all four-counts of the Superseding indictment.

In July 2020, both Suggs and Passineau moved to sever Counts One and Two (those related to the Castor Pharmacy Robbery) from Counts Three and Four (those related to the Smith Pharmacy Robbery).[3] First, Defendants argue that the counts were improperly joined under Federal Rule of Criminal Procedure 8(b) because the two robberies are not part of the "same series of acts or transactions" as required by the Rule. (See Doc. No. 102 at 4 ¶ 9.) (See also Doc. No. 106 at 4.) Second, and alternatively, Defendants argue that, under Federal Rule of Criminal Procedure 14, they would be manifestly prejudiced by trying the two robberies together because

---

[2]   Initially, on October 17, 2019, a grand jury returned an Indictment charging only Suggs and Passineau in connection to the Smith Pharmacy Robbery. (See Doc. No. 19.)

[3]   Severance would result in separate trials for each robbery and the related firearm offense.

2

evidence of one robbery is not relevant to prove the other robbery. (See Doc. No. 106 at 8.) (See also Doc. No. 102 at 5 ¶ 19.) Further, they argue that they will be prejudiced by the "spill-over" effect arising from the jury learning that they were charged with committing multiple robberies. (Doc. No. 102 at 5.)

During the hearing held on February 17, 2022, the Government opposed the Motion. (Doc No. 218 at 166.) Government counsel argued that the Smith Pharmacy Robbery and the Castor Pharmacy Robbery are "incredibly similar" and thus the robberies were part of the "same series of acts." (Id.) The Government highlighted the following similarities. Both robberies were forceful takeovers with the robbers pointing guns at the victims. (Id.) The robbers wore masks and gloves. (Id.) The pharmacies were both neighborhood pharmacies and the robbers stole opioids and Promethazine. (Id.) The robbers had getaway drivers waiting to take them away from the scene. (Id.) Moreover, the Government asserted that Suggs wore the same grey sweatshirt in the Castor Pharmacy Robbery that he wore in the Smith Pharmacy Robbery. (Id.) Finally, if severed, the Government contended that the two trials would be nearly identical because the evidence of one robbery would be admissible at the trial of the other, and vice versa, under Federal Rule of Evidence 404(b). (Id. at 167.) In this regard, the evidence would be used "to prove their motive, to prove their opportunity, to prove their lack of mistake, [and] to prove their knowledge." (Id.) The Motions to Sever Counts are now ripe for a decision.

**III. LEGAL STANDARD**

There are two Federal Rules of Criminal Procedure at issue here: 1) Rule 8(b) and 2) Rule 14. Rules 8(b) and 14 are designed "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." United States v. Adams, 2015 WL 894205 at *1 (E.D. Pa. Feb. 27,

3

2015) (quoting <u>Bruton v. United States</u>, 391 U.S. 123, 131 n.6 (1968)). Federal Rule of Criminal Procedure 8 governs the joinder of offenses and defendants in an indictment or information:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

F<small>ED</small>. R. C<small>RIM</small>. P. 8. When multiple defendants are charged in a single indictment as is the situation here, Rule 8(b) governs both the proper joinder of defendants and the proper joinder of offenses. <u>Adams</u>, 2015 WL 894205 at *1 (citing <u>United States v. Irizarry</u>, 341 F.3d 273, 287 (3d Cir.2003)). Rule 8(b)'s terms are broadly construed so that a "'transactional nexus,' . . . or a logical relationship between charges, is all that is required for them to be considered part of the same 'transaction.'" <u>Id.</u> (citing <u>United States v. Hills</u>, No. 08–654–1, 2009 WL 2461735 (E.D. Pa. Aug.10, 2009)). To determine whether there is a logical relationship between charges, trial judges may look at pre-trial documents, including but not limited to the indictment. <u>Id.</u> (citing <u>United States v. McGill</u>, 964 F.2d 222, 242 (3d Cir.1992)).

If, under Rule 8, joinder is improper, the Court must order separate trials. <u>Id.</u> (discussing <u>United States v. Walker</u>, 657 F.3d 160, 170 (3d Cir. 2011)). But if joinder is proper, the Court may still sever defendants or offenses under Rule 14 "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or defendants in an indictment or information." <u>Id.</u> (citing F<small>ED</small>. R. C<small>RIM</small>. P. 14). "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the

4

defendants or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

Suggs and Passineau bear the burden of showing "clear and substantial prejudice resulting in a manifestly unfair trial." United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir.1991) (internal quotation marks omitted). Even when the risk of prejudice is high, less drastic measures than severance (such as limiting instructions) "often will suffice to cure any risk of prejudice." Adams, 2015 WL 894205 at *1 (quoting Zafiro, 506 U.S. at 539).

Relatedly, the Government argues that evidence of the Castor Pharmacy Robbery can be introduced to prove the Smith Pharmacy Robbery, and vice versa, under Federal Rule of Evidence 404(b), and that this factor weighs against severance. Rule 404(b) prohibits evidence of a crime "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." United States v. Smith, 725 F.3d 340, 344 (3d Cir. 2013) (citing FED. R. EVID. 404(b)(1)). However, this evidence may be admitted for another purpose, such as to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id. (quoting FED. R. EVID. 404(b)(2)). When ruling on the admissibility of Rule 404(b) evidence, district courts must determine the following: 1) that the evidence is offered for a proper purpose under Rule 404(b), 2) that the evidence is relevant under Federal Rule of Evidence 402, 3) that the evidence is not unfairly prejudicial under Federal Rule of Evidence 403, and 4) that an appropriate limiting instruction can be given to the jury. Id. (citing Huddleston v. United States, 485 U.S. 681, 691 (1988)) (the "Huddleston Test").

IV.     ANALYSIS

    **A. Defendants' Motions will be denied because there is a transactional nexus between the Castor Pharmacy Robbery and the Smith Pharmacy Robbery.**

Defendants' Motions to Sever will be denied because there is a transactional nexus between the Castor and Smith Pharmacy Robberies and for this reason the charges were properly joined in the Superseding Indictment under Federal Rule of Criminal Procedure 8(b). Although Defendants argue that there are few similarities between the two robberies, they are part of the "same series of acts or transactions." (Doc. No. 102 at 5.) (Doc. No. 106 at 7.) As argued by the Government, the two robberies are extraordinarily similar, which is evidence of a common scheme or plan. (Doc. No. 218 at 166.)

Third Circuit case law supports this conclusion. In United States v. Green, the defendant, Green, was charged with three counts of armed bank robbery and three counts of using a firearm during a crime of violence. 563 Fed. Appx. at 914. All three robberies had occurred in a similar fashion: Green and his co-defendant would enter the bank "with their faces obscured, point guns at bank employees, demand money, and flee in a car driven by another co-defendant." Id. at 914-15. Additionally, all the robberies took place "in the same area of the state." Id. at 917. Green filed a motion to sever, seeking one trial for each robbery. Id. at 915. The district court and the Third Circuit agreed that there were enough similarities among the robberies to constitute "the same series of acts or transactions." Id. at 917. Thus, the robberies were properly joined under Rule 8(b). Id.

Here, as in Green, the robbers in both the Smith and Castor Pharmacy Robberies wore masks and gloves, pointed guns at pharmacy employees, and had getaway drivers waiting to take them away from the scene. (Doc. No. 218 at 166.) Additionally, similar to the banks in Green, the Smith and Castor pharmacies are neighborhood pharmacies in the City of Philadelphia. (Id.)

Further, the robberies were "takeover" robberies, where the robbers rushed the pharmacy counter and specifically demanded opioids. (Id.) Finally, Suggs apparently wore the same grey sweatshirt in the Castor Pharmacy Robbery and the Smith Pharmacy Robbery. (Id.) Accordingly, the four charges constitute the "same series of acts or transactions" and were thus properly joined under Rule 8(b).

> **B. Defendants' Motions will be denied because neither Defendant will be prejudiced by the joinder.**

Defendants' Motions also will be denied because neither Defendant has met the high burden of showing "clear and substantial prejudice resulting in a manifestly unfair trial." Eufrasio, 935 F.2d at 568. Defendants contend that evidence of one robbery is not admissible to prove the other robbery because it is irrelevant and not admissible under Rule 404(b). (Doc. No. 106 at 8-9.) Further, they argue that they will be prejudiced by the "spill-over" effect at a joint trial of the multiple robbery charges. (Doc. No. 102 at 5.) In response, the Government argues that, because the evidence relating to the Castor Pharmacy Robbery would be admissible in the Smith Pharmacy Robbery trial under Rule 404(b), the trials would be nearly identical, which weighs against severance. (See Doc. No. 218 at 166.)

Again, the Green case is persuasive. In ruling on Green's Rule 14(a) argument, the Third Circuit stated that, "the proper inquiry is whether the jury would be able to compartmentalize the evidence offered against [a defendant]." Id. at 918. As the court noted:

> [T]he six counts against Green were quite discrete—for each of the three incidents, he was charged with one count of bank robbery and one count of using a firearm during the robbery. Thus, the jury could easily compartmentalize the evidence on each respective count by considering each incident separately.

Id. The same result was reached by the Third Circuit in United States v. Torres, 251 Fed. Appx. 763 (3d Cir. 2007). In Torres, the defendant, Torres, was indicted on ten counts of Hobbs Act

7

Robbery and ten counts of using a firearm during those robberies in connection with the robberies of various "bars, grocery stores, and pizzerias." Id. at 764. Following conviction on all counts, Torres appealed, arguing that the district court erred in denying his motion for separate trials on each robbery. Id. The Third Circuit affirmed, observing that the district court gave the jury an instruction to consider the evidence on each count separately. Id. Further, the court observed that "the jury was unlikely to confuse [the robberies] as the crimes were not complex and were committed against distinct entities with easily distinguishable names." Id. (quoting Weber, 437 F.2d 327, 332 (3d Cir. 1970)).

Here, the four counts against Defendants are discrete – for both the Castor and Smith Pharmacy Robberies, each Defendant is charged with one count of Hobbs Act Robbery and one count of using a firearm during and in relation to that robbery. The robberies were not complex and committed against two different pharmacies. Given this, the jury will likely not confuse the robberies and be able to compartmentalize the evidence on each charge. To cure any risk of prejudice, a limiting instruction will be provided to the jury to consider the evidence on each count separately. See id.

In both Defendants' Motions and the Government's Response, there is disagreement over whether evidence from one robbery can be introduced at trial to prove another robbery under Federal Rule of Evidence 404(b). Applying the Huddleston test discussed above, first, the evidence must be offered for a proper purpose under Federal Rule of Evidence 404(b). During the hearing, the Government stated that the evidence would be used "to prove their motive, to prove their opportunity, to prove their lack of mistake, [and] to prove their knowledge." (Doc. No. 218 at 167.) Additionally, given the many similarities here between the two robberies, this evidence can serve as proof of Suggs's and Passineau's identities and a common plan, which are permissible

8

purposes under Rule 404(b).  See United States v. Brunson, 516 Fed. Appx. 154, 157-58 (3d Cir. 2013) (stating that under Rule 404(b) evidence of one robbery could be used in the trial of another because the robberies were similar and therefore can serve as proof of identity and a common plan).

Second, the evidence must be relevant under Rule 402.  "Relevant evidence" means evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See Fed. R. Evid. 401, 402.  As stated, given the similarities between the robberies, this evidence has a tendency to prove Suggs's and Passineau's identities and a common plan.  See Brunson, 516 Fed. App'x. at 157-58.  Finally, the Court has already determined that there is no unfair prejudice and any prejudice can be cured by a limiting instruction informing the jury to consider the evidence on each count separately.  Therefore, the evidence from the Smith Pharmacy Robbery can be introduced to prove the Castor Pharmacy Robbery, and vice versa, under Federal Rule of Evidence 404(b).

## V. CONCLUSION

For the foregoing reasons, Defendant John Suggs's Motion for Severance (Doc. No. 102) and Defendant Nickolas Passineau's Motion for Severance (Doc. No. 106) will be denied.  An appropriate Order follows.