IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION<br>NO. 19-CR-00629 |
| JOHN SUGGS et al., | |
| Defendants. | |

**Slomsky, J.**                                                                                                       **September 2, 2022**

**OPINION**

**I.     INTRODUCTION**

Before the Court is the Government's Motions in Limine to admit evidence of Defendant John Suggs's ("Defendant") alleged drug trafficking, gun possession, and plans to commit robbery. (Doc. Nos. 189 at 1, 209.)  Defendant is charged in this case with two counts of Hobbs Act Robbery and two counts of using a firearm during a crime of violence, which is the robbery.  (See Doc. No. 102 at 3.)  The charges stem from Defendant's alleged involvement in two Philadelphia pharmacy robberies: 1) the Castor Pharmacy, located at 6449 Castor Avenue, on October 19, 2017 (the "Castor Pharmacy Robbery") and 2) the Smith Pharmacy, located at 841 East Hunting Park Avenue, on February 22, 2018 (the "Smith Pharmacy Robbery").  (See Doc. No. 102 at 3.)

In the Motions, the Government requests the Court to allow it to use at trial Defendant's text messages and internet searches because they are intrinsic to the crimes charged.  Alternatively, if this evidence is not found to be intrinsic, the Government asks that it be admitted as extrinsic evidence under Federal Rule of Evidence 404(b)(2) because it proves Defendant's motive, plan, preparation, opportunity, identity, and lack of mistake.  (Id.)  Defendant filed a Response in Opposition (Doc. No. 194) and Defendant's co-Defendant, Nickolas Passineau ("Passineau"), also filed a Response.  (Doc. No. 197.)  A hearing on the Motion was held on February 17, 2022.  (Doc.

1

No. 200.) Following the hearing, the Government filed a Supplemental Motion.[1] (Doc. No. 209.) For reasons that follow, the Government's Motions (Doc. Nos. 189, 209) will be granted in part and denied in part.

## II.     BACKGROUND

On March 5, 2020, a grand jury returned a four-count Superseding Indictment charging Suggs, Passineau, Russell Williams ("Williams"), Khalil Werts ("Werts"), and Tameer Miller ("Miller") with robbery which interferes with interstate commerce, in violation of Title 18 U.S.C. §§ 1951(a) and 2, and with using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2, in connection with the the Castor Pharmacy Robbery and the Smith Pharmacy Robbery. (Doc. No. 52.) Count One of the Superseding Indictment charges Suggs, Passineau, Williams, and Werts with committing the Castor Pharmacy Robbery. (Doc. No. 218 at 159:13-18.) Count Two charges these same individuals with using a firearm during and in relation to the robbery. (Id.) Count Three charges Suggs, Passineau, and Miller with committing the Smith Pharmacy Robbery. (Id.) Count Four charges the same defendants with using a firearm during and in relation to the Smith Pharmacy Robbery. (Id.) The evidence at issue in the Government's Motions only pertains to Defendant Suggs.

On April 19, 2018, Defendant Suggs was arrested by officers of the Philadelphia Police Department (PPD) in connection with the Smith Pharmacy Robbery. (Doc. No. 189 at 2.) That same day, PPD officers executed a search warrant at Defendant's home at 6135 Yocum Street in Philadelphia, Pennsylvania. (Id.) During the search, the officers recovered the following: 82

---

[1] At the February 17, 2022 hearing, the Court requested that the Government file the Supplemental Motion and include all the text messages and internet searches the Government seeks to introduce at trial. (See Doc. No. 218 at 185:18-24.)

2

yellow capsule pills stamped "IG322/300MG," $19,067, a box containing 9-millimeter Sig Sauer handgun ammunition, an iPhone bearing IMEI 353043091673262,[2] a pair of black ADIDAS pants with white stripes, a gray hooded sweatshirt, and a Steven Kempf Building Material safety helmet. (Id.)

Thereafter, an investigation of the iPhone revealed a history of internet searches and text messages that the Government contends are consistent with drug trafficking, gun possession, and the planning of a robbery. (Id.; see also Doc. No. 209.) These internet searches and text messages are the basis of the Government's Motions in Limine currently before the Court. In their Motions, the Government requests introduction of the following internet searches:

| **Date** | **Type of Communication** | **Content** |
|---|---|---|
| 1/24/2018 | Internet Search | Glock 43 |
| 1/29/2018 | Internet Search | Masks that can avoid face recognition |
| 1/30/2018 | Internet Search | Is steve kempf hiring |
| 1/30/2018 | Internet Search | "steven kempf building material company salaries in King of Prussia, PA" |
| 2/1/2018 | Internet search | "Juanita pharmacy Philadelphia pa" |
| 2/1/2018 | Internet Search | "rite aid 70 woodland ave" |
| 2/1/2018 | Internet Search | "pain Pain management pharmacy Philadelphia pa" |
| 2/2/2018 | Internet Search | "pharmacy of America Philadelphia pa" |
| 2/3/2018 | Internet Search | "pharmacy of America Philadelphia pa" |
| Unknown date | Internet Search | How to make meth<br>Pill press machine<br>A 215 pill<br>Fake oxycodone 30 mg for sale |
| Unknown Date | Internet Search | Compact guns<br>Smallest glock |

(Doc. No. 209 at 5-8.)

---

[2] IMEI stands for International Mobile Equipment Identity.

Additionally, the Government seeks to introduce the following text messages:

| Date | Type of Communication | Content |
|---|---|---|
| 10/19/2017 | Outgoing Text Message | 18 for the 30<br>9 for the 15<br>6 for the 10s<br>2.50 for the 5s<br>11 for the 20s |
| 10/19/2017 | Incoming Text Message | I got something on the tens waiting for call back<br><br>He wasn't fuckin wit half he said if you could do 5 for the bananas he'll take 200 |
| 10/19/2017 | Message Exchange | Old Basil: At 15 I'm looking to get 120<br>Suggs: I can do 17<br>Old Basil: 15 at 7.5 |
| 10/19/2017 | Message Exchange | Suggs sends a photo to Sheila of a hand holding a pill<br>Sheila: It's addies 30s the color a lil light tho |
| 10/25/2017 | Outgoing Text Message | Suggs: Only 15s 260 of them 3 a piece |
| 11/16/2017[3] | Text Message | Suggs: I need 9 shells<br>Unassigned: what kind<br>Suggs: for a nine tauras |
| 11/19/2017[4] | Message Exchange | Chris Valentino: Yo bro I don't know if you busy or not just know I got mad love for you.  Like I tell you all the time you gotta do what you gotta do and get TF out of Philly.  Shit ain't fair out there no more.  A n*gga see you shining and that gives them enough reason to take it away from you.  I don't know what you situation is with your babys moms but find a way and leave for real.  I'm not trying to get that call.  Real shit.<br><br>Suggs: Bro let em come u know I'm ready for what ever in I always got my bitch[5] on me if a |

---

[3]  In the Government's Motion, it states that this message was sent on November 16, 2018.  (See Doc. No. 209 at 8.)  However, Defendant's cellphone was seized in April 2018.  (Doc. No. 218 at 172-73.)  Therefore, the Court assumes that this date was an error and that this message was sent on November 16, 2017.

[4]  Again, given that Defendant's cellphone was seized in April 2018, the Court assumes that this text message was sent on November 19, 2017.

[5]  The Government submits that Drug Enforcement Administration Special Agent Giallombardo will testify that based on his training and experience, Defendant is referring to a firearm when he used the word "bitch."  (Doc. No. 209 at 15 n.2.)

| | | |
|---|---|---|
| | | n*gga think they got one up met the gone get left but I appreciate bro love u for tell me this real n*gga my G. |
| 11/20/2017 | Message Exchange | Suggs: 9 shells bro<br>SW Paper: Oh rd<br>Suggs: Need hem ASAP |
| 2/22/2018 | Message Exchange | Nick: "3036 Harrville st."<br>Suggs: "be dress 5 min away" |
| 2/23/2018 | Message Exchange | Mike Kelley: Yo you wouldn't be able to split a bag in half could you?<br>Suggs: 25<br>Mike Kelley: I got twenty and one perk if that's cool<br>Suggs: Rd I'm out side |
| 2/27/2018 | Outgoing Text Message | Suggs: Rd bet I got 30 20 15 & 10s too |
| 2/28/2018 | Message Exchange | Mike Kelley: are you around I need a fiddy<br>Suggs: like 3 |
| 2/28/2018 | Message Exchange | Suggs: you move them jawns yet<br>Sydney: only moved 3 it's going a little slow right now<br>Sydney: I got ya 50 I got 3 left |

(Doc. No. 209 at 5-8.)

The Government further explains that it "will rely, in part, on testimony from a narcotics expert, [Drug Enforcement Administration Special Agent] Eugene Giallombardo ("Special Agent Giallombardo"), that the evidence derived from [Defendant's] phone is consistent with selling of the type of narcotics stolen from the pharmacies in this case." (Doc. No. 189 at 3.) For example, Special Agent Giallombardo will testify that "the text message communications are consistent with the price per milligram of illicit opiates including OxyContin and Percocet, which is approximately 60 cents per milligram. This pricing is consistent with street level trafficking on a wholesale level." (Doc. No. 189 at 3.) Special Agent Gillombardo will also testify that guns are a part of the drug trafficking trade. (Id.)

In response, Defendant contends that the Government is seeking to introduce this evidence to show that he had a predisposition to commit criminal acts, which is improper under Federal

5

Rule of Evidence 404(b)(1). (Doc. No. 194 at 4.) Further, he asserts that the motivation to steal prescription drugs, to sell them for money, is obvious and for this reason this evidence is not needed at trial. (Id.) Finally, in its Motion, the Government asserts that Defendant may argue either that he did not have a gun or that the gun was fake. (Id. at 7.) In response, Defendant points out that "[i]t is improper to suggest what the defense is going to argue when it is possible that the defense will put forth no argument." (Id.) Nonetheless, during oral argument on the Motion, Defense counsel stated that a cooperating witness for the Government is going to testify that "he recalls using fake guns, that they were spray painting, and they were tap guns or starter pistols, and not real guns." (Doc. No. 218 at 181:12-14.)

On February 14, 2022, co-Defendant Passineau filed a Response to the Government's Motion. (Doc. No. 197.) In the Response, Passineau maintains that "[w]hile there is no assertion in the Motion that any of this evidence is owned by or could be attributed to any Defendant other than Suggs, there is a suggestion in the Government's Motion that the evidence relating to gun possession may be introduced against other Defendants." (Id. at 2 ¶ 5.) This suggestion is as follows:

> The text message evidence demonstrates [Suggs's] opportunity to possess a gun—a permitted use under Rule 404(b). The jury should be permitted to view this evidence together with the video surveillance footage of the robberies that clearly depict the [Sugg's]'s use of a gun, and the gun and ammunition that were seized from Suggs'[s] house, to conclude that [Suggs] used, and that he and his codefendants aided and abetted the use of, a firearm to commit both robberies.

(See id. at 2 (quoting Doc. No. 189 at 3-4).) Passineau argues that this evidence is not connected to him at all, so the Court should not permit it to be used against him. (Id. at 3.) To overcome any prejudice, he requests an appropriate limiting instruction be given to the jury. (Id. at 3-4.)

6

III.     **LEGAL STANDARD**

Internet searches and text messages may be relevant and admissible at trial. The Third Circuit Court of Appeals has held that this evidence may fall into one of two categories: evidence "extrinsic to the charged offenses and [as evidence] 'intrinsic' to them." United States v. Green, 617 F.3d 233, 245 (3d Cir. 2010). [6] There are two categories of intrinsic evidence: 1) evidence which "directly proves" the charged offense and 2) "uncharged acts performed contemporaneously with the charged crime . . . if they facilitate the commission of the charged crime." Id. at 248-49 (citing United States v. Bowie, 232 F.3d 923, 939 (D.C. Cir. 2000)). Unlike extrinsic evidence, which will be explained below, evidence that is intrinsic to the crime charged does not fall within Rule 404(b). United States v. Lloyd, Cr. No. 21-81, 2022 WL 2916684 at *8 (E.D. Pa. July 22, 2022). However, like all evidence, intrinsic evidence must be relevant under Federal Rules of Evidence 401 and 402, and its probative value must not be substantially outweighed by unfair prejudice under Federal Rule of Evidence 403.

On the other hand, Federal Rule of Evidence 404(b) applies to evidence of other crimes, wrongs, or acts that are "extrinsic" to the charged crimes. Id. at 249. This Rule provides:

---

[6] In Green, the Third Circuit explained that "most circuit courts view evidence as intrinsic if it is 'inextricably intertwined' with the charged offense . . . or if it 'completes the story' of the charged offense." Green, 617 F.3d at 248 (citing United States v. Cross, 308 F.3d 308, 320 (3d Cir. 2010)). However, the Third Circuit made clear in Green that the "inextricably intertwined" test "is not [the Third Circuit's] test for intrinsic evidence. Like our predecessor res gestae, the inextricably intertwined test is vague, overbroad, and prone to abuse . . . " Green, 617 F.3d at 248 (3d Cir. 2010). Res gestae is a Latin term meaning "the events at issue, or other events contemporaneous with them." Res gestae, BLACK'S LAW DICTIONARY (11th ed. 2019). Therefore, the definition of intrinsic evidence in a criminal case in the Third Circuit is confined to the two categories listed above under Green because intrinsic evidence does not include res gestae. See also United States v. Lloyd, Cr. No. 21-81, 2022 WL 29166 at *8 n.6 (E.D. Pa. July 22, 2022).

> (b) Other Crimes, Wrongs, or Acts.
>
> > (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> >
> > (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . . .

FED. R. EVID. 404(b)(1)–(2). See also United States v. Smith, 725 F.3d 340, 344 (3d Cir. 2013). When ruling on the admissibility of Rule 404(b) evidence, district courts are required to follow four factors: 1) the evidence is offered for a proper purpose under Rule 404(b)(2), 2) the evidence is relevant under Federal Rule of Evidence 402, 3) the evidence is not unfairly prejudicial under Federal Rule of Evidence 403, and 4) an appropriate limiting instruction can be given to the jury. Id. (citing Huddleston v. United States, 485 U.S. 681, 691 (1988)) ("the Huddleston Test").

Thus, whether evidence is admissible as either intrinsic or extrinsic turns on the elements the Government will have to prove at trial. As stated, Defendant was charged with Hobbs Act Robbery in violation of Title 18 U.S.C. §§ 1951(a). In relevant part, Title 18 U.S.C. § 1951(a) states:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

To prove at trial that Defendant violated § 1951(a), the Government must establish:

> First: That Defendant (name) took from (the victim alleged in the indictment) the property described in Count (No.) of the indictment;

8

> Second: That (name) did so knowingly and willfully by (robbery); and
>
> Third: That as a result of (name)'s actions, interstate commerce (an item moving in interstate commerce) was obstructed, delayed, or affected.

Third Circuit Model Jury Instructions 6.18.1951.  Additionally, Defendant was charged with using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18 U.S.C. §§ 924(c)(1)(A)(ii).  This Section provides in pertinent part:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime … if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years…

At trial, to prove that Defendant violated § 924(c)(1)(A), the Government must establish:

> First: That (name) committed the crime of (name of crime) as charged in Count (No. of count charging predicate crime) of the indictment; and
>
> Second: That (name of defendant) knowingly possessed a firearm in furtherance of this crime.  If you find (name of defendant) possessed the firearm, you must consider whether the possession was in furtherance of (name of crime).

Third Circuit Model Jury Instructions 6.18.924A.  With all this in mind, the Court will turn to the admissibility of the Government's evidence.

IV.   ANAYLSIS

   A. **Evidence of Defendant's planning of the February 22, 2018 Smith Pharmacy Robbery will be admitted as intrinsic evidence because it directly proves that Defendant participated in this Robbery.**

The following evidence is admissible as intrinsic to Defendant's charged crimes because it directly proves Defendant's participation in the Smith Pharmacy Robbery.

| **Date** | **Type of Communication** | **Content** |
|---|---|---|
| 1/29/2018 | Internet Search | Masks that can avoid face recognition |
| 1/30/2018 | Internet Search | Is steve kempf hiring |
| 1/30/2018 | Internet Search | "steven kempf building material company salaries in King of Prussia, PA" |
| 2/1/2018 | Internet Search | "Juanita pharmacy Philadelphia pa" |
| 2/1/2018 | Internet Search | "rite aid 70 woodland ave" |
| 2/1/2018 | Internet Search | "pain Pain management pharmacy Philadelphia pa" |
| 2/2/2018 | Internet Search | "pharmacy of America Philadelphia pa" |
| 2/3/2018 | Internet Search | "pharmacy of America Philadelphia pa" |
| 2/22/2018 | Message Exchange | Nick: "3036 Harrville st." Suggs: "be dress 5 min away" |

The Smith Pharmacy Robbery occurred on February 22, 2018. So, the common thread among all this evidence is that the text messages and internet searches occurred either during the weeks before or on the day of the Smith Pharmacy Robbery. (See Doc. No. 52 at 4.) The internet searches show that in the weeks leading up to the robbery, Defendant was researching pharmacies in Philadelphia. Further, the security footage recovered from Smith Pharmacy shows that the robbers were wearing face masks and Steven Kempf Building Materials vests. (Doc. No. 218 at 109:1-12;127:19-23.)[7] Thus, the internet searches related to Steven Kempf Building Materials and

---

[7]  A Steven Kempf Building Materials safety helmet was recovered from Defendant's home. (Doc. No. 189 at 2.) During the PPD investigation of the Smith Pharmacy Robbery, detectives contacted persons employed at Steven Kempf Building Materials, who confirmed that Defendant was an employee. (Doc. No. 209 at 6.)

face masks are relevant to who committed the robbery. Finally, Defendant texted his co-Defendant, Nickolas Passineau, on the same day as the Smith Pharmacy Robbery, communicating with him to be ready to go somewhere. Therefore, this evidence directly proves Defendant's participation in the Smith Pharmacy Robbery.[8]

Moreover, this evidence is relevant under Rules 401 and 402. Rule 402 of the Federal Rules of Evidence establishes that relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rule of Evidence, or "other rules prescribed by the Supreme Court" say otherwise. See FED. R. EVID. 402. Rule 401 provides the definition of relevancy. "Relevant evidence" means evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See FED. R. EVID. 401. The internet searches and the text message are probative of Defendant's plan and preparation for the Smith Pharmacy Robbery and of his identity as one of the robbers. It does not fall within the prohibited categories listed in Rule 403.[9]

---

[8] Alternatively, this evidence would be admissible under Rule 404(b)(2). A permissible purpose under Rule 404(b)(2) is to show a defendant's preparation, plan, and identity. FED. R. EVID. 404(b)(2). This evidence shows Defendant's plan to rob and preparation for the Smith Pharmacy Robbery. Further, the Steven Kempf Building Materials internet searches are evidence of Defendant's identity because he worked there. The remaining Huddleston factors are discussed infra.

[9] Federal Rule of Evidence 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FED. R. EVID. 403.

Finally, under Rule 403, relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of one more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  See FED. R. EVID. 403.  Though this evidence is prejudicial, it is not unfairly so, because this evidence is highly probative of Defendant's participation in the Smith Pharmacy Robbery.

### B. Evidence of Defendant's alleged drug trafficking on the same day as the October 19, 2017 Castor Pharmacy Robbery will be admitted as intrinsic evidence, while the remaining evidence will be admitted under Rule 404(b)(2) as extrinsic evidence of the two robberies.

The Government seeks to introduce various text messages related to Suggs's alleged trafficking of prescription opioids because they are intrinsic to his Hobbs Act Robbery charges. The text messages can generally be organized into two categories: 1) text messages that occurred on the same day as the Castor Pharmacy Robbery and 2) those that occurred in the days following the Castor and Smith Pharmacy Robberies.

The Third Circuit has not adopted a bright line rule for the timing of evidence to be considered intrinsic.  In United States v. Haas, the indictment alleged that a defendant possessed a gun "on or about March 21, 2003." Id. at 231.  The Government sought to introduce evidence that the defendant possessed a gun on March 19, 2003 as intrinsic to his charge under 18 U.S.C. § 922(g), related to the gun he possessed on March 21, 2003. Id. at 234.  The Third Circuit concluded that this was not intrinsic evidence:

> The charged offense was possession of the gun on the 21st, not the 19th. Whatever probative value the evidence about [the defendant's] activities on the 19th may have had, it did not directly prove that [the defendant's] possessed the gun on the 21st.  To hold otherwise would be to strip the words "directly prove" of all meaning.

Id.  For evidence to be considered "intrinsic", the Third Circuit "insist[s] on a significantly closer connection for exemption from [Rule] 404(b)." Id. at 234.  On the other hand, in United States v.

12

Elliot, the Third Circuit held that evidence that a defendant was involved in a shooting just a few minutes before he was found in possession of a gun was intrinsic to a gun charge under 18 U.S.C. § 922(g).  235 Fed.App'x 879, 881 (3d Cir. 2007).  See also United States v. Harris, Cr. No. 11-196, 2012 WL 3962651 at *8 (W.D. Pa. Sept. 11, 2012) (holding that under Haas and Elliot a firearm used by the defendant the day before he was found by police to be illegally in possession of ammunition was not intrinsic to a charge under 18 U.S.C. § 922(g)(1)).

1. **Messages sent on October 19, 2017, the day of the Castor Pharmacy Robbery.**

The following evidence will be admitted as intrinsic to Defendant's charge under 18 US.C. § 1951(a), Hobbs Act Robbery.

| Date | Type of Communication | Content |
|---|---|---|
| 10/19/2017 | Outgoing Text Message | 18 for the 30<br>9 for the 15<br>6 for the 10s<br>1.50 for the 5s<br>11 for the 20s |
| 10/19/2017 | Incoming Text Message | I got something on the tens waiting for call back<br><br>He wasn't fuckin wit half he said if you could do 5 for the bananas he'll take 200 |
| 10/19/2017 | Message Exchange | Old Basil: At 15 I'm looking to get 120<br>Suggs: I can do 17<br>Old Basil: 15 at 7.5 |
| 10/19/2017 | Message Exchange | Suggs sends a photo to Sheila of a hand holding a pill<br>Sheila: It's addies 30s the color a lil light tho |

At trial, for a jury to find Defendant Suggs guilty under 18 U.S.C. § 1951(a), the Government must prove that he wrongfully took the property described in the indictment.  See Third Circuit Model Jury Instructions 6.18.1951.  The Superseding Indictment alleges that Defendant unlawfully obtained prescription opioids.

13

The above text messages show that Defendant allegedly sold narcotics on the same day as the Castor Pharmacy Robbery. Notably, the drugs Defendant is selling are consistent with what was taken during the Castor Pharmacy Robbery. (Doc. No. 218 at 175:13-19.) Based on the reasoning from Haas and Elliot, because these text messages were sent on the same day as the Castor Pharmacy Robbery, this is intrinsic evidence. It directly proves that Defendant wrongfully obtained prescription opioids during the Castor Pharmacy Robbery.[10]

Having determined that this evidence is intrinsic, the Court must next determine if it is relevant under Rules 401 and 402. This evidence is relevant because it tends to prove that Defendant stole prescription opioids on October 19, 2017. Finally, the probative value of this evidence is not substantially outweighed by unfair prejudice under Rule 403. This evidence is highly probative and while the opioid crisis does continue to devastate Philadelphia, it is only speculation that a jury's emotions would rise to a level that would harbor any hostility towards Defendant. See United States v. Williams, Cr. No. 19-629 2022 WL 3076513 at *3 (E.D. Pa. Aug. 3, 2022).

**2. Messages on the days following the Castor and Smith Pharmacy Robberies.**

Additionally, text messages sent on days after either robbery are extrinsic evidence under Federal Rule of Evidence 404(b)(2) because they are not intrinsic to the crimes charged, but are evidence of Defendant's motive to steal prescription opioids.

| Date | Type of Communication | Content |
|---|---|---|
| 10/25/2017 | Outgoing Text Message | Suggs: Only 15s 260 of them 3 a piece |
| 2/23/2018 | Message Exchange | Mike Kelley: Yo you wouldn't be able to split a bag in half could you<br>Suggs: 25 |

---

[10] Alternatively, this evidence would be admissible under Rule 404(b)(2). A permissible purpose under Rule 404(b) is to show a defendant's motive. FED. R. EVID. 404(b)(2). This evidence shows Defendant's motive to specifically target pharmacies to rob. The remaining Huddleston factors are discussed infra.

14

| | | Mike Kelley: I got twenty and one perk if that's cool<br>Suggs: Rd I'm out side |
|---|---|---|
| 2/27/2018 | Outgoing Text Message | Suggs: Rd bet I got 30 20 15 & 10s too |
| 2/28/2018 | Message Exchange | Mike Kelley: are you around I need a fiddy<br>Suggs: like 3 |
| 2/28/2018 | Message Exchange | Suggs: you move them jawns yet<br>Sydney: only moved 3 it's going a little slow right now<br>Sydney: I got ya 50 I got 3 left |

In the Motions, the Government asserts that this evidence is intrinsic evidence because it proves that Defendant unlawfully obtained prescription opioids. However, this evidence was sent on the days following either the Castor and Smith Pharmacy Robberies, thus falling outside the parameters set by Haas and Elliot. While admittedly relatively close in time to the robberies, these text messages do not "directly prove" that Defendant stole prescription opioids on either October 19, 2017 or February 22, 2018. See Harris, 2012 WL 3962651 at *8.

But this evidence is admissible under Rule 404(b)(2). A permissible purpose under Rule 404(b)(2) is to show a defendant's motive. FED. R. EVID. 404(b)(2). This evidence shows Defendant's motive to target pharmacies to rob in order to obtain illicit drugs to sell.

Because this evidence is being offered for a permissible purpose under Rule 404(b)(2), the Court must next examine the remaining steps of the Huddleston test: whether the evidence is relevant under Rule 402, whether it not unfairly prejudicial under Rule 403, and whether an appropriate limiting instruction can be given to the jury. See Huddleston, 485 U.S. at 691.

First, this evidence is relevant because it is probative of Defendant's motive to rob pharmacies and steal opioids. Second, while this evidence is prejudicial to Defendant, it is not unfairly prejudicial because any risk of unfair prejudice can be cured by a limiting instruction to the jury, the final consideration under Huddleston. To this point, Defendant Nickolas Passineau

15

requested a limiting instruction in his Response to the Government's Motion. (Doc. No. 197 at 3-4.) Relevant here is the Third Circuit Model Jury Instructions which provides as follows:

> You have heard testimony that the defendant (summarize the other act evidence).
>
> This evidence of other act(s) was admitted only for (a) limited purpose(s). You may consider this evidence only for the purpose of deciding whether the defendant (describe the precise purpose or purposes for which the other act evidence was admitted): had a motive or the opportunity to commit the acts charged in the indictment for example.
>
> Do not consider this evidence for any other purpose.
>
> Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.
>
> The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime(s) charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act(s), (he)(she) must also have committed the act(s) charged in the indictment.
>
> Remember that the defendant is on trial here only for (state the charges briefly), not for these other acts. Do not return a guilty verdict unless the government proves the crime(s) charged in the indictment beyond a reasonable doubt.

Third Circuit Model Jury Instructions 4.29. This instruction will be tailored to the evidence submitted at trial. If any party objects to the use of this instruction and would like to provide the Court with another proposed instruction or a completed Section 4.29 instruction, it should be filed of record forthwith for the Court's consideration.

### C. Messages related to Defendant's gun possession will be admitted as extrinsic evidence under Rule 404(b)(2) because it shows his opportunity to possess a firearm.

The following evidence is not intrinsic but is extrinsic because it shows Defendant's opportunity to possess a firearm.

| Date | Type of Communication | Content |
|---|---|---|
| 11/16/17 | Text Message | Suggs: I need 9 shells<br>Unassigned: what kind<br>Suggs: for a nine tauras |
| 11/19/17 | Message Exchange | Chris Valentino: Yo bro I don't know if you busy or not just know I got mad love for you. Like I tell you all the time you gotta do what you gotta do and get TF out of Philly. Shit ain't fair out there no more. A n*gga see you shining and that gives them enough reason to take it away from you. I don't know what you situation is with your babys moms but find a way and leave for real. I'm not trying to get that call. Real shit.<br><br>Suggs: Bro let em come u know I'm ready for what ever in I always got my bitch on me if a n*gga think they got one up met the gone get left but I appreciate bro love u for tell me this real n*gga my G. |
| 11/20/17 | Message Exchange | Suggs: 9 shells bro<br>SW Paper: Oh rd<br>Suggs: Need hem ASAP |
| 1/24/18 | Internet Search | Glock 43 |

In its Motions, the Government asserts that this evidence is intrinsic evidence because it proves that Defendant knowingly possessed a firearm, an element of his 18 U.S.C. § 924(c)(1)(A) charge. However, this evidence was created either a month after the Castor Pharmacy Robbery or about a month prior to the Smith Pharmacy Robbery.

Again, Haas and Elliot govern this situation. Evidence created a month after one robbery and about a month prior to another robbery is far too attenuated to "directly prove" that Defendant possessed a gun on either October 19, 2017 or February 22, 2018. However, this evidence is

17

admissible under Rule 404(b)(2). The Government contends that this evidence is admissible to show Defendant's opportunity to possess a firearm. A permissible purpose under Rule 404(b)(2) is to show a defendant's opportunity. FED. R. EVID. 404(b)(2). In United States v. Caldwell, the Third Circuit explained for evidence to be admitted under Rule 404(b)(2), "the government must explain how it fits into a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." 760 F.3d 267, 276-77 (3d Cir. 2014) (citing cases).

> Here, the Government offers the following chain of inferences:
>
> 1) Defendant's phone contained outgoing text messages where he sought ammunition for a firearm;
>
> 2) Defendant's phone contained an outgoing text message where Defendant admitted he always carried a gun on him;
>
> 3) Defendant's phone contained internet searches for firearms;
>
> 4) It is therefore likely that the defendant had an opportunity to possess a gun.

(Doc. No. 209 at 15.)

None of these inferences is forbidden propensity evidence and the evidence clearly articulates that Defendant had the opportunity to commit the gun charges from the indictment under §924(c). See Third Circuit Model Jury Instructions 4.29. See also United States v. Caesar, Cr. No. 18-525, 2022 WL 254928 at *4 (E.D. Pa. Jan. 27, 2022) (holding that a child's testimony related to his grooming by the defendant was admissible to show defendant's opportunity to commit his charged crimes for producing, receiving, and possessing child pornography). Therefore, this evidence is admissible under Rule 404(b)(2).

The remaining Huddleston factors favor admissibility of this evidence. This evidence is relevant because it tends to show that Defendant had the opportunity to possess a firearm. Finally,

exclusion of this evidence under Rule 403 is not warranted because this evidence has significant probative value that is not substantially outweighed by the danger of unfair prejudice. Any risk of unfair prejudice can be cured with the limiting instruction noted supra.

> **D. The following evidence is not admissible under Rule 404(b) because it is impermissible propensity evidence.**

The Government submitted the following internet searches related to Defendant's gun possession and drug trafficking. However, the search of Defendant's cellphone did not reveal when these internet searches took place.

| Date | Type of Communication | Content |
| --- | --- | --- |
| Unknown date | Internet Search | How to make meth<br>Pill press machine<br>A 215 pill<br>Fake oxycodone 30 mg for sale |
| Unknown Date | Internet Search | Compact guns<br>Smallest glock |

Without this necessary information, it merely shows Defendant's predisposition to commit criminal acts, which is not allowed under Federal Rule of Evidence 404(b)(2). The connection between these internet searches and either the Smith or Castor Pharmacy Robberies is unknown. Thus, it will not be admissible at trial.

**V.   CONCLUSION**

For the foregoing reasons, the Government's Motions in Limine (Doc. Nos. 189, 209) will be granted in part and denied in part. An appropriate Order follows.